**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1206**

———————

DENNIS TAYLOR,

Plaintiff - Appellant,

versus

AMERISTEEL CORPORATION,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CA-03-43)

———————

Submitted:  October 24, 2005          Decided:  November 18, 2005

———————

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John J. Korzen, Kernersville, North Carolina, for Appellant.  Gavin S. Appleby, Jacqueline E. Kalk, R. Bradley Adams, LITTLER MENDELSON, P.C., Atlanta, Georgia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Taylor appeals the district court's order dismissing his civil action alleging employment discrimination due to age and perceived disability, in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court. See Taylor v. Ameristeel Corp., No. CA-03-43 (W.D.N.C. Sept. 20, 2005).

In September 2001, Taylor was hired by Ameristeel as a cutter/stacker in the caster section of the melt shop. At that time, Taylor was forty-seven years old. Soon after being hired, Taylor applied for and received a transfer to a vacant maintenance mechanic position. While at this position, Taylor's chain of command included his direct supervisor, Joe Wright, and the general supervisor of the maintenance department, Charlie Blubaugh.

Prior to his first performance evaluation, Taylor stated that his employment at Ameristeel was relatively problem free. On February 12, 2002, Taylor received his first performance evaluation. His overall performance was rated "fair," and it was determined that "significant improvement" was needed in such areas as "mechanical skills" and "problem identification." Dissatisfied with his rating, Taylor initiated grievance procedures in which he alleged that his performance evaluation contained false,

undocumented information. After review, it was concluded that the performance evaluation was "a fair and accurate assessment" which would not be overturned.

After Taylor's first performance evaluation, Blubaugh informed Taylor that he would no longer be assigned tasks involving elevated heights due to the unsafe manner in which he walked. Though Taylor was told that this restriction was for safety concerns, Taylor believed it to be a result of his first performance evaluation. Next, Taylor alleged that, at some unidentified point in time, Wright and Blubaugh began harassing him. Taylor stated that his supervisors frequently referred to him as "old and slow" and stated that he "couldn't do the job very well" and could not "keep up with the[] other new employees."

On April 26, 2002, Taylor received his second performance evaluation, in which he was once again given an overall rating of "fair." The evaluation stated that Taylor needed to "continue to work on speed and efficiency[, as well as,] increas[ing] knowledge of equipment and overall operations." It also noted that Taylor had shown improvement since his prior evaluation. During a meeting to discuss the second performance evaluation, Wright informed Taylor that unless he improved, his employment could be terminated.

On May 24, 2002, Taylor filed his first complaint with the Equal Employment Opportunity Commission ("EEOC"). In this complaint, Taylor alleged that he was discriminated against because

of his age and perceived disability. Specifically, he stated that he was "told [he] could no longer perform a function of [his] job" because he "walked funny." Taylor further alleged that he was given two poor work evaluations "allegedly due to work performance." However, Taylor categorically denied that his work performance was poor.

On May 31, 2002, Taylor received his third performance evaluation. In this evaluation, Taylor once again received an overall "fair" rating. This evaluation contained a list of specific examples used in the determination of his performance characteristics. Furthermore, the evaluation contained the following statement:

> This review will allow Dennis [Taylor] 30 days to bring his performance up to a satisfactory level. If it is concluded anytime within the next 30 days that he is not making satisfactory efforts for improvement or if he is unable to meet expectations, it will most likely result in his termination with Ameristeel.

Subsequently, Taylor filed his second grievance, in which he once again stated that his performance review contained false statements. After review, it was once again recommended that the evaluation stand "as is."

A fourth performance evaluation was prepared by Wright on June 19, 2002. In this evaluation, Wright recommended that Taylor be "terminated from Ameristeel for poor performance." Though the evaluation was prepared, it was not given to Taylor due to the pending resolution of his second grievance. In early July 2002, a

- 4 -

meeting was held in which Wright's recommendation that Taylor's employment be terminated was agreed upon. As a result, on July 16, 2002, Taylor's employment was terminated. On July 24, 2002, Taylor filed his second EEOC complaint. In this complaint, Taylor alleged that Ameristeel denied him incentive pay, gave him a poor evaluation, and ultimately discharged him in retaliation for engaging in a protected activity in violation of Title VII.

On January 31, 2003, Taylor initiated litigation by filing a complaint alleging employment discrimination. Ameristeel filed a motion for summary judgment on January 16, 2004. Pursuant to 28 U.S.C. § 636(b)(1)(B) (2000), the case was referred to a magistrate judge for review and recommendation ("R&R"). Though the magistrate recommended that summary judgment be granted on the retaliatory discharge claim, he recommended that it be denied on the ADEA and ADA claims. Ameristeel filed objections to the R&R. Taylor, who was represented by counsel, did not file any objections regarding the recommended grant of summary judgment on his retaliatory discharge claim. On January 18, 2005, the district court adopted the magistrate judge's recommendation as to the retaliatory discharge claim, but disagreed with the recommendation on the ADEA and ADA claims. Accordingly, judgment was entered on January 20, 2005, granting summary judgment for Ameristeel on all claims, and Taylor timely appealed.

On appeal, Taylor alleges the following: (1) that the district court erred in its conclusion that the testimony of Morris VanVleet was hearsay; (2) that the district court improperly concluded that Taylor was not discriminated against on the basis of age; (3) that the district court improperly concluded that Taylor was not discriminated against on the basis of perceived disability; and (4) that the magistrate judge plainly erred in its recommendation that summary judgment be granted for Ameristeel on Taylor's retaliation claim.

We review a district court's grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We construe the evidence and draw all reasonable inferences in the light most favorable to the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In his first claim, Taylor alleges that the district court erred in its determination that the deposition testimony of Morris VanVleet, an individual with whom Taylor worked for approximately three weeks, was inadmissible hearsay. VanVleet

- 6 -

recounted that several co-workers made fun of the way Taylor walked. He also testified that Wright and Blubaugh were occasionally present while Taylor's co-workers made fun of him and did nothing to stop them. VanVleet recalls that Wright and Blubaugh had grins on their faces during these incidents. The district court determined that VanVleet's testimony consisted primarily of inadmissible hearsay. As "[e]vidence of this type is neither admissible at trial nor supportive of an opposition to a motion for summary judgment," Greensboro Prof'l Fire Fighters Ass'n v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995), see also Fed. R. Civ. P. 56(e), the district court excluded the testimony.

Taylor argues that VanVleet's testimony was not hearsay as it related to nonverbal conduct and was not offered to prove the truth of the matter asserted. Taylor states the testimony was offered "to show that the grins were made by [Taylor's] supervisors in the first place, not that there was any true reason for making fun of [Taylor]."

We review a district court's application of evidentiary rulings to the facts of a case for abuse of discretion. Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co., 951 F.2d 613, 619 (4th Cir. 1991). Because the supervisors' grins are irrelevant unless offered to prove they condoned the comments made by employees, the district court did not abuse its discretion in excluding the evidence.

Next, Taylor claims that the district court improperly concluded that he was not discriminated against based on age. We have determined that "a plaintiff may avert summary judgment and establish a claim for intentional . . . age discrimination through two avenues of proof." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004), cert. dismissed, 125 S. Ct. 1115 (2005). These avenues include: (1) a mixed-motive framework, in which "it is sufficient for the [plaintiff] to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons"; and (2) a pretext framework, in which a plaintiff, "after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Id. at 284-85. We agree with the district court's conclusion that Taylor's ADEA claim does not avert summary judgment under either framework.

In his third claim, Taylor alleges that the district court improperly concluded that he was not discriminated against on the basis of perceived disability. To establish wrongful discharge under the ADA, a plaintiff must show that: "(1) he is within the protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred

- 8 -

under circumstances that raise a reasonable inference of unlawful discrimination." Haulbrook v. Michelin N. Am., Inc., 252 F.3d 696, 702 (4th Cir. 2001). Taylor, however, does not contend that he was disabled under the ADA, but rather alleges that he was regarded as being so. Specifically, Taylor contends that Ameristeel regarded him as substantially limited in the major life activity of walking because he was excluded from work assignments involving higher elevations. See id. We agree with the district court's conclusion that Taylor failed to establish Ameristeel regarded him as being substantially limited in the major life activity of walking because his other job responsibilities required walking.

Taylor's final claim is that the magistrate judge plainly erred in his recommendation that summary judgment be granted for Ameristeel on Taylor's retaliatory discharge claim. Though he admits he failed to file objections to the magistrate judge's report and recommendation, Taylor argues that this court should "review his retaliation claim in the interests of justice." In support, Taylor points to a single error in the R&R and asserts that it "was the basis for the magistrate's conclusion that Taylor could not satisfy the 'causal connection' element of his retaliatory discharge claim . . . ."

As a general rule, we have recognized that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's

findings." Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Furthermore, this Court has determined that

> [b]efore [it] can exercise [its] discretion to correct an error not raised below in a civil case, at a minimum, . . . [it must be established that] (1) there is an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the court determines, after examining the particulars of the case, that the error seriously affects the fairness, integrity or public reputation of the judicial proceedings.

Taylor v. Virginia Union Univ., 193 F.3d 219, 239-40 (4th Cir. 1999) (en banc).

Here, the magistrate judge undeniably erred in his conclusion regarding who was aware of Taylor's EEOC charge. The deposition testimony of Blubaugh indicates that Marie Gilmore, human resources manager, informed him of the EEOC charge at some unknown time prior to Taylor's filing suit. However, this does not establish that the error affected Taylor's substantial rights as Blubaugh was not determined to be the decisionmaker responsible for Taylor's termination. In spite of this, Taylor speculates that Wright also knew about the EEOC charge. These speculations, however, fail to recognize that there is nothing in the record to indicate that Wright had knowledge of the EEOC charge. Since a genuine issue of material fact cannot be created through mere speculation or compilation of inferences, see Runnebaum v. NationsBank, 123 F.3d 156, 164 (4th Cir. 1997) (en banc), Taylor has not met the requirements of Taylor and has therefore waived

review of the magistrate judge's recommendation regarding his retaliation claim. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED